Vantsetta Ivanovna **TRETIAKOVA**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 05–73046.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.[*]

Filed Feb. 23, 2007.

---

[*] This panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R.App. P. 34(a)(2).

Vantsetta Ivanovna Tretiakova, West Hollywood, CA, pro se.

Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark L. Gross, Esq., U.S. Department of Justice, Civil Rights Division/Appellate Section, Ryan Lee, Esq., U.S. Department of Justice, Civil Rights Division, Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

## MEMORANDUM **

Vantsetta Ivanovna Tretiakova, a native of Russia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision, which adopted and affirmed the Immigration Judge's ("IJ") order denying her application for asylum and withholding of removal. We dismiss in part, deny in part, and grant in part.

■ We lack jurisdiction to address petitioner's due process claim regarding the IJ's decision because the claim was not exhausted below. *See Barron v. Ashcroft,* 358 F.3d 674, 677–678 (9th Cir.2004).

We have jurisdiction over petitioner's remaining claims under 8 U.S.C. § 1252. We review de novo questions of law. *Abebe v. Gonzales,* 432 F.3d 1037, 1040 (9th Cir.2005) (en banc). We review factual findings for substantial evidence. *Id.* at 1039.

■ We reject petitioner's claims that the BIA's decision does not comport with due process requirements. *See Alaelua v. INS,* 45 F.3d 1379, 1382 (9th Cir.1995) (stating that the BIA does not violate due process when it adopts the IJ decision).

■ Substantial evidence does not support the IJ's and BIA's conclusions that the petitioner failed to meet the nexus requirement for asylum eligibility. Petitioner established a nexus, where she credibly testified that she was called "heretic" while being severely attacked by her

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

neighbor, and other individuals who wore Russian National Unity ("RNU") uniforms. *See Mihalev v. Ashcroft,* 388 F.3d 722, 727 (9th Cir.2004). Petitioner also testified that her attempt to report the assault by the RNU was rejected by a police officer who called her a "damn Jew," accused her of complaining against a "Russian officer," and threatened to put her in jail. Petitioner further established a nexus with the 1991 beating by soldiers who called her a "damn Adventist" and accused her of trying to convert other soldiers. *See id.*

Accordingly, we grant the petition for review on the asylum and withholding claims and remand for further proceedings consistent with this decision. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**DISMISSED in part; DENIED in part; GRANTED in part, and REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.